O

# United States District Court
# Central District of California

NEHEMIAH KONG,

            Plaintiff,

   v.

KIDS FROM THE VALLEY I, LLC, et al.,

            Defendants.

Case № 2:18-CV-02928-ODW (MRW)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [21]**

## I.   INTRODUCTION

Plaintiff Nehemiah Kong brings this action alleging that the Defendant Kids from the Valley I, LLC's ("Defendant") property contains access barriers in violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). Presently before the Court is Defendant's Motion to Dismiss, in which they argue that Plaintiff lacks standing under Article III of the United States Constitution, and therefore, the Court should dismiss Plaintiff's ADA claim and decline to exercise supplemental jurisdiction over the UCRA claim. (Mot. to Dismiss ("Mot."), ECF No. 21.) For the following reasons, the Motion is **DENIED**.[1]

//

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Plaintiff Nehemiah Kong is a paraplegic who suffers from polio. (Compl., ECF No. 1.) He uses a wheelchair for mobility and has a specially equipped van with a ramp that deploys from the passenger side of his vehicle. (*Id.*)

On April 9, 2018, Kong filed this action against Defendants[2] for violation of the Americans with Disabilities Act ("ADA"), and California's Unruh Civil Rights Act. (*Id.*)   Kong contends that he went to Defendants' restaurant[3] in March 2018, and encountered barriers relating to a parking space that was not compliant with the ADA. (Compl. ¶¶ 13–25.)  Additionally, Kong alleges that there were other barriers that he did not personally confront, but they deterred him from patronizing Defendants' restaurant.  (*Id.* ¶ 29–33.) Kong indicated that he plans to return to and patronize the restaurant, but will be deterred from visiting until the barriers are removed. (*Id.* ¶ 34.)

## III.    LEGAL STANDARD

A federal district court may only hear cases over which it has subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). A plaintiff bears the burden of proving subject matter jurisdiction and must carry that burden by a preponderance of the evidence. *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459, (1926).

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a

---

[2] As used herein, Kids from the Valley I, LLC and Raziq Abdul Doust shall collectively be referred to as "Defendants."
[3] Defendants Kids From the Valley I, LLC own the property at issue, but Raziq Abdul Doust owns Skewers Halal, the restaurant located on the property at the date of incident.

complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## IV.    DISCUSSION

Defendant's main thrust is that Plaintiff lacks standing for failure to plead injury in fact. (Mot. 10–11). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This argument fails to persuade the Court for the reasons that follow.

In support of this argument, Defendants employ a nuanced cherry-picking of *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc). Defendants argue that Plaintiff's Complaint fails to establish standing because he did not plead with particularity; specifically, that he did not allege how any purported barriers related to or impacted his use of the restaurant so as to deny full and equal access, and that he did not provide facts showing how or why he was discomforted or embarrassed. (Mot. 11.)

In *Chapman*, the Ninth Circuit reiterated that "once a disabled plaintiff has encountered a barrier violating the [Americans with Disabilities Act]," the plaintiff has suffered an injury sufficient to confer standing, "so long as the barrier is related to the plaintiff's particular disability." *Id.* at 947. The court noted that a plaintiff does not suffer an injury in fact where she encounters a barrier unrelated to her disability as in the case of a paraplegic, or a fully-sighted plaintiff faced with a lack of Braille signage in an elevator. *Id.* at 947 n.4. "Where the barrier is related to the particular plaintiff's disability, however, an encounter with the barrier necessarily injures the plaintiff by depriving him of full and equal enjoyment of the facility." *Id.* Standing in the ADA context differs from the typical standing analysis because the Supreme Court has instructed courts to "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

Where, as here, when an individual seeks injunctive relief under the ADA, they must also demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). Stated otherwise, there must be a "real and immediate threat of repeated injury." *Id.*

Defendant's reliance on *Chapman* is well-founded, but not to the extent it asks the Court to ignore precedent by requiring an ADA Plaintiff to articulate with particularity how he felt embarrassed.

It is worth noting the glaring factual difference between *Chapman* and the instant case—in *Chapman* the plaintiff testified that he was not deterred by barrier, nor did he point to the architectural barriers that prevented access—opting instead to provide ADAAG code violations as opposed to indicating the precise violations and how he personally encountered such violations in the complaint.

Here, Plaintiff indicates his disability, which requires his use of a wheelchair and a special van to deploy his wheelchair that requires special access accommodations; that he personally encountered access barriers in Defendant's parking lot which prevented him from deploying said wheelchair, which led to discomfort, difficulty, and embarrassment. (Compl. ¶ 27.) Considering these facts, he indicated that he was deterred from his full enjoyment, but intends to return once the barriers are removed. The Ninth Circuit's mandate requiring broad construction of constitutional standing in civil rights claims is crystal clear. As such, the Court does not believe requiring Plaintiff to plead with particularity is necessary, let alone appropriate here.

Plaintiff has indicated the existence of his disability, sufficiently identified barriers connecting to his disability that he personally encountered, and established that the continued presence of said barriers amounted to a real threat of repeated injury. Accordingly, Plaintiff has established standing.

Given the existence of standing, the Court need not analyze whether supplemental jurisdiction exists over Plaintiff's UCRA claim.

# V. CONCLUSION

For the reasons discussed above, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

October 18, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**